IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA , | ) | Case No. 1:19-cr-0003 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| THOMAS J. CLOSE, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendants. | ) | **ORDER** |
| | ) | |

**I.      Introduction**

On August 23, 2021, Defendant Thomas J. Close filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] ECF Doc. 34. After reviewing the record and the applicable law, the Court summarily DENIES Close's motion as time-barred and barred, as further explained below.  Pursuant to 28 U.S.C. 2255(b), the Court has not required notice to be served upon the U.S. attorney because the motion and records of the case conclusively show that Close is not entitled to relief.  The Court also DENIES, as moot, Close's motion to subpoena documents from trial counsel (2nd request.)  ECF Doc. 39.

**II.     Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion.  See 28 U.S.C. § 2255.  28 U.S.C.S. § 2255(f) provides that the limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

---

[1] Close placed his motion in the prison mailing system on August 3, 2021.  ECF Doc. 34 at 25.

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the limitation period began to run on the date on which Close's judgment of conviction became final pursuant to §2255(f)(1).[2] Close was sentenced to a term of imprisonment for 360 months on January 15, 2020. ECF Doc. 27. His judgment was entered on January 16, 2020. ECF Doc. 28. Close did not pursue a direct appeal. Thus, two weeks later, on January 30, 2020, Close's time for filing a notice of appeal expired, and his judgment became final. *Sanchez-Castellano v. U.S.,* 358 F.3d 424, 427 (6th Cir. 2004) (noting that expiration of deadline for filing notice of appeal makes conviction final). One year later, on January 30, 2021, Close's time limit for filing his § 2255 motion also expired. His motion was untimely because he did not place it in the prison mailing system until August 3, 2021. ECF Doc. 34 at 25.

Close requests that the Court excuse the untimeliness of his motion. ECF Doc. 34 at 24. He argues that he was prevented from filing a timely motion due to COVID-19 restrictions. The Court would be more inclined to excuse the untimeliness of Close's motion if it had not been more than six-months delinquent. Moreover, as further explained below, excusing the untimeliness of the motion would be futile because Close's motion is also barred by his guilty plea.

---

[2] Close does not argue for a later commencement date.

**III.    Guilty Plea**

In addition to being untimely, Close's motion to vacate is barred. Close pleaded guilty to Counts 1-3 of the indictment and Count 4 was dismissed. ECF Doc. 28. "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir.2012) (internal quotations omitted). This is so because, normally:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). "Thus, after the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself.[3]" *Werth v. Bell,* 692 F.3d 486 (6th Cir. 2012). "[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger,* 580 F.3d 403, 408 (6th Cir. 2009) (quoting Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The validity of the plea must be determined from the "totality of the circumstances." *Abdus-Samad v. Bell,* 420 F.3d 614, 631 (6th Cir. 2005) (citing *Brady,* 397 U.S. 747).

Here, Close arguably contends his plea was not made voluntarily and intelligently because of miscommunications or misrepresentations by his attorney prior to the plea hearing.

---

[3] Also, guilty pleas may not prevent a defendant's ability to challenge whether the government has the power to "constitutionally prosecute" him. *Class v. United States,* 138 S. Ct. 798, 200 L. Ed. 2d 37 (2018). However, this exception is not applicable to the claims raised in Close's motion.

ECF Doc. 34 at 6-10. But the plea hearing transcript contradicts Close's argument. Prior to the plea hearing, Close signed a plea agreement outlining the specifics of his deal with the government. During the hearing, he represented that he had: 1) discussed it fully with counsel prior to the hearing; and 2) asked him any questions that he might have had. ECF Doc. 37 at 6. On the record, Close expressed his satisfaction with his lawyer's representation. ECF doc. 37 at 8. The Court fully informed Close of the consequences of his plea agreement and the rights he would be waiving by entering into it. Close did not voice any questions or concerns during the plea hearing. The transcript of the plea hearing clearly shows that Close's guilty plea was made voluntarily and intelligently. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L. Ed. 2d 136 (1977). Because Close entered a knowing and intelligent plea agreement, his attempt to vacate his sentence due to ineffective assistance of counsel is barred.

**IV.** **Conclusion**

Because Close's motion to vacate, set aside, or correct his sentence is untimely and barred, it is hereby DENIED. ECF Doc. 34. His motion to subpoena documents from trial counsel (2nd request) is also DENIED, as moot. ECF Doc. 39.

Further, the Court certifies, pursuant to 28 U.S.C. § 2255 that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Dated: September 14, 2021

                                                    *s/Dan Aaron Polster*
                                                    United States District Judge